2009 Ark. App. 125

**Janetta KEARNEY, Appellant,**

v.

**CITY OF LITTLE ROCK, Appellee.**

**No. CA 07–1317.**

Court of Appeals of Arkansas.

Feb. 25, 2009.

Kearney Law Office, by: Jack R. Kearney, Little Rock, AR, for appellant.

Thomas M. Carpenter, City Attorney, and Julia Hudson, Ass't City Attorney, Little Rock, AR, for appellee.

M. MICHAEL KINARD, Judge.

This appeal involves the right of cities, acting under their police power, to raze structures that have become detrimental to the public welfare. It arises from a long-standing controversy between the City of Little Rock (the City) and appellant Janetta Kearney over the restoration of a dilapidated house that she owns. By ordinance, the City found the house to be a nuisance and ordered it razed. Appellant sought an injunction in Pulaski County Circuit Court, arguing that the city acted illegally and unreasonably. Kearney now appeals from the circuit court's order granting summary judgment in favor of the City. We affirm.

The property at issue is a house located at 2123 Spring Street in Little Rock, Arkansas. It was found to be "unfit for human habitation" and was "conditionally condemned" by the City in 1991. The repairs necessary to bring the structure

into compliance with the city code included repairing and refinishing many walls and ceilings, bringing plumbing and electrical up to new construction standards, replacing doors, and replacing broken or missing window panes.

Appellant acquired the property and a rehabilitation permit for it in 1994, although the deed transferring ownership to appellant was not filed until December 1995. The property had not been repaired by the previous owners, as evidenced by a warning notice issued by the City in May 1995. The notice stated that an inspection of the property revealed it to be "unsafe, unfit for human habitation, offensive to the neighborhood, and ... dangerous to persons in the vicinity or lawfully passing by the structure." The City declared the property to be a nuisance and gave the owners thirty days in which to begin substantial repairs or to demolish the structure. What followed was a series of inspections, "stop work" orders, and two citations against appellant. The parties have been in litigation in multiple courts since 1996.

On October 21, 2003, by Ordinance No. 18,972 (the ordinance), the City condemned appellant's house as a public nuisance and authorized the City Attorney to take steps to have the property razed. The City found the condition of the house to present a "serious structural, fire and health hazard" and to be "dangerous to the health and safety of the occupants or other persons, and further, the [structure is] in such condition as to be dangerous to the lives, limbs and property of people in its vicinity or those lawfully passing thereby." The Capitol Zoning District Commission voted for a demolition of the property at their December 4, 2003 meeting based on information submitted by the City in their application for demolition of the property.

Before passage of the ordinance, on September 22, 2003, the City sent appellant notice of its intent to request that the City Board of Directors and the Capital Zoning District Commission approve the razing of her house. On October 17, 2003, appellant filed a lawsuit in circuit court to, among other relief requested, prevent the City from demolishing her house.[1] Appellant later filed an amended petition for injunction against the City.[2] In it, she alleges that the decision to demolish her property is illegal, inequitable, and arbitrary. Appellant also denies that her property constitutes a nuisance and claims that simple repairs would fix any conditions the defendants claim are defective. In her amended petition for injunction, appellant wrote:

> d. Petitioner attempted to ameliorate any and all of the conditions complained of by Defendants in the past by expending extraordinary amounts of money, effort and time in the repair of the property, however, Defendants intentionally, arbitrarily and maliciously prohibited Petitioner from completing such repairs, by abruptly and without cause issuing vacate orders, stop work orders and denials of utility service to the property which they have maintained to this date [ . . . ]

1. Also named as defendants were the Capitol Zoning District Commission, Mark Hayes and "Spousal Chair of CZCD" [sic], Patricia Hayes, Commission Chair. Claims against these defendants were dismissed with prejudice on December 17, 2003. The Capitol Zoning District Commission has broad zoning authority over its district. *See* Ark.Code Ann. §§ 22–3–301 to –313 (Repl.2004). Kearney does not argue any error about the dismissal of these defendants, and they are not parties on appeal.

2. Capitol Zoning District Commission, also named by appellant as a defendant, had previously been dismissed with prejudice.

e. the unfounded actions of Defendants in prohibiting Petitioner from occupying or completing her repairs to the property caused the property to remain insecure and exposed to the elements such that Petitioner suffered substantial losses to the condition and value of the property [. . .]

f. virtually all of the conditions that Defendants now complain of and allege as a basis for demolition of the property are conditions that Defendants' stop work orders prevented from being corrected, or were created by Defendants' prohibition on work at the property.

Additionally, appellant claims that the City has a bias against her and has treated her unequally as compared to its treatment of other homeowners in the area.

In its motion for summary judgment, the City contended that appellant's petition was "rife with legal conclusions, but fails to state any facts in support of the elements of any of her claims." The City submitted photographs of the structure and several affidavits in support of its motion. Greg Massanelli, Senior Code Enforcement Officer, Rental Inspection Team, Housing & Neighborhood Programs for the City of Little Rock, stated in his affidavit that he had conducted an inspection of the structure at 2123 Spring Street on August 3, 2006. Massanelli observed that the building was not in compliance with code requirements for building, mechanical, electrical, or plumbing requirements. He stated, "The hole in the roof, missing windows, the separation of the window casement from the structure, the collapsed ceiling, the crumbling porches, and exposed wiring are all considered life-safety violations under the City Code and would require immediate compliance."

Arnold Coleman, Building Inspector for the City, stated that in May 1997 he issued a stop work order for 2123 Spring Street after he observed construction activities there and determined that there was no building permit posted. In April 1998, he and a plumbing inspector attempted to perform an inspection of the property in response to Circuit Judge Marion Humphrey's court order in *City of Little Rock v. Kearney*, No. CR–96–0694. They were not admitted to the site that day; upon subsequent inspection, Coleman found code violations with regard to the handrail, clearance space from the furnace vent to combustibles where the flue exits through the roof, and windows over bath tubs not being constructed with tempered or safety glass, as required by code. An inspection of the exterior in August 2006 revealed "continuing deterioration of the structural roof, fascias, and exterior wall covering elements due to prolonged inactivity in the renovation process." He further stated that a review of building permits revealed Building Permit 9409479 was issued to appellant on April 10, 1994, and expired on October 6, 1996; and Building Permit 9803665 was issued to appellant on May 14, 1998, and expired on May 14, 1999. No inspections were requested under either permit, and no additional permits had been issued after 1998.

Barry Burke, Assistant Fire Marshall for the Little Rock Fire Department, stated that he had inspected appellant's property on August 3, 2006, and found that it posed "an imminent danger of fire." In his opinion, the structure was abandoned based upon the fact that there were no utilities; it was unoccupied, rapidly deteriorating, and had not been maintained.

In her response to the City's motion for summary judgment, appellant asserted that she had submitted evidence which, if believed, would entitle her to relief. Appellant contended that "there are a myriad of knowledgeable persons whose opinion is that the structure does not constitute a

nuisance, and that the property is subject to rehabilitation." However, appellant offered. no proof regarding these "knowledgeable persons." Attached to appellant's response were appellant's affidavit and various other exhibits. Her exhibits consisted primarily of her correspondence with the City and the Department of Arkansas Heritage, showing their attempts to *help* appellant with the rehabilitation of her house, for example, by providing information and assisting with grant applications. Only a July 17, 2002 letter from Mark Hayes to the Capitol Zoning District Commission shows anything that could be construed as an attempt to thwart her rehabilitation of the house. Hayes was a neighbor living on Spring Street (and married to the Commission chair), and he wrote a letter also representing several other neighbors. He wrote in opposition to appellant's pending application to construct a garage and fence, citing appellant's continued neglect of the property. However, Hayes also wrote, "Ms. Kearney should immediately proceed with the rehabilitation of the home with a goal of occupancy."

Appellant's affidavit contains a detailed account of the problems she had with work permits and stop work orders. But it does not contain anything showing the City's actions were not justified under the circumstances. For example, she states that "all during 1995 the City used stop work orders multiple times with the apparent intent to stall progress on improving the house until the permit was expired or invalidated," but offers no support for her assertion in the record.

By order entered on March 27, 2007, the circuit court granted the City's motion for summary judgment and dismissed the case. The standards guiding this court's review of a circuit court's order granting a motion for summary judgment are well established and have recently been set out by our supreme court as follows:

Summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. The court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. The appellate court's review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties.

*Scamardo v. Sparks Reg'l Med. Ctr.*, 375 Ark. 300, 305, 289 S.W.3d 903, 906 (2008) (internal citations omitted). In the case at hand, the City made a prima facie case that the appellant's house was a nuisance and that the City was entitled to summary judgment. Under our summary judgment standards, appellant was required to "meet proof with proof" and demonstrate the existence of a material issue of fact.

On appeal, Kearney argues that the trial court abused its discretion and erred in granting summary judgment to the City of Little Rock because there existed the following factual questions: (1) whether appellant's property constituted a nuisance; (2) whether the appropriate remedy as to appellant's particular property was to demolish it.

From the outset, we note that the parties assume and argue that the City's action in passing the ordinance was legislative. However, we believe it is prudent to analyze this case under the standards for both legislative actions, which are reviewed for abuse of discretion, and administrative actions, which are reviewed de novo. Although not briefed by the parties in this case, the distinction between legislative actions and administrative actions by a city council is worthy of note because of the decision of our supreme court in *Ingram v. City of Pine Bluff*, 355 Ark. 129, 133 S.W.3d 382 (2003), which also involved a city action razing a structure, albeit in that case the city acted by resolution. In *Ingram*, the city's action was held to be administrative, and we believe *Ingram* to be too similar to the case at bar to be left unmentioned. The different standards applicable to the circuit court's review of the evidence in ruling on the motion for summary judgment are relevant in determining whether the City "was entitled to judgment as a matter of law." Under either standard, on the record described above the grant of summary judgment was proper. The City determined, in Ordinance No. 18,972, that appellant's house had "become run-down, dilapidated, unsightly, dangerous, obnoxious and detrimental to the public welfare of the citizens of Little Rock" and was a "nuisance." The City declared "immediate action" to be necessary. As explained below, the City had the authority under Ark.Code Ann. section 14–56–203 to determine that appellant's house was a nuisance, and our review on appeal is solely to determine whether the circuit court's grant of summary judgment was appropriate.

■ First, we review as though the City's action were legislative. In *City of Lowell v. M & N Mobile Home Park, Inc.*, 323 Ark. 332, 916 S.W.2d 95 (1996), a landowner sued the City of Lowell after the planning commission denied his application to rezone the area for a mobile home park. The trial court found the commission's decision to be arbitrary and granted the requested relief. The supreme court reversed, holding: (1) the denial of rezoning was supported by a rational basis; (2) the landowner did not meet its burden of showing there was no rational basis for refusal to rezone; and (3) the chancery court exceeded its authority by taking discretion from the legislative branch. *City of Lowell* provides the following information relevant in examining this case:

> The General Assembly can delegate the legislative power to enact ordinances to municipal corporations. We have written that when a municipality acts in a legislative capacity, it exercises a power conferred upon it by the General Assembly, and consequently, an act of a municipality is the co-equal of an act of the General Assembly. . . .
>
> The legislative power includes discretion to determine the interests of the public as well as the means necessary to protect those interests. Within constitutional limits, the legislative branch is the sole judge of the laws that should be enacted for the protection and welfare of the people and when and how the police power of the State is to be exercised. . . .
>
> . . . The legislative branch has discretion to determine the interests of the public, but the judicial branch has the power to set aside legislation that is *arbitrary, capricious, or unreasonable.* This is a limited power, and the judiciary, in acting under this limited power, cannot take away the discretion that is constitutionally vested in a city's legislative body.

323 Ark. at 336–37, 916 S.W.2d at 97 (emphasis supplied, internal citations omitted). *City of Lowell* gives further guidance by defining "arbitrary" as "decisive but unreasoned action" and "capricious" as "not guided by steady judgment or purpose." *Id.* at 339, 916 S.W.2d at 98–99. Furthermore, an enactment is not arbitrary if there was *any reasonable basis* for its enactment. *Id.* The trial court must engage in a presumption that the legislation is valid, and the burden is placed on the moving party to prove that the enactment was unreasonable or arbitrary. *See id.*

The City was authorized by Ark.Code Ann. section 14–56–203 (Repl.1998) to order the removal or razing of buildings that in the opinion of the council have become "dilapidated, unsightly, unsafe, unsanitary, obnoxious, or detrimental to the public welfare." Thus, under this line of analysis, the question before the trial court was whether the City acted in an arbitrary, capricious, or unreasonable manner when it made the determination that appellant's house was a nuisance. Summary judgment was proper if the trial court determined that there was no factual issue that, if decided in favor of appellant, might entitle her to relief. Because of the high burden placed on those challenging municipal legislative actions taken under the discretionary power granted under the Constitution by the General Assembly, appellant was required to produce evidence of an abuse of that discretion. *See City of Lowell, supra.* Appellant offered nothing beyond her mere allegations. On appeal, the question before this court is whether the trial court erred in determining that no material issue of fact existed and that appellee was entitled to judgment as a matter of law. We find no error in the granting of summary judgment in favor of appellee.

In addition, if the City's action is viewed as administrative in nature, we likewise find no error in the circuit court's ruling. In *Scroggins v. Kerr*, 217 Ark. 137, 142, 228 S.W.2d 995, 998 (1950), our supreme court explained:

> Not all ordinances enacted by city councils come under the heading of 'municipal legislation.' City governments in Arkansas know [sic] no such complete separation of powers as would automatically classify all aldermanic activities as legislative in character.

The test for determining whether an ordinance or resolution is legislative or administrative is to determine whether the proposition is one that makes new law or executes a law already in existence. *See City of North Little Rock v. Gorman*, 264 Ark. 150, 157, 568 S.W.2d 481, 485 (1978). In the instant case, we need not resolve this question, as the circuit court's grant of summary judgment is determined as proper under either analysis.

The Arkansas Supreme Court in the case of *Ingram v. City of Pine Bluff*, 355 Ark. 129, 133 S.W.3d 382 (2003), cited Ark. Code Ann. § 14–56–425 (Repl.1998) for the proposition that appeals from administrative and quasi-judicial agencies are reviewed by the circuit court de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts. In *Ingram*, the issue was a city council *resolution* to raze the appellant's property. After the property was razed, appellant sued for declaratory and injunctive relief. The circuit court granted the City's motion for judgment on the pleadings based on the appellant's failure to appeal the resolution within thirty days as required by Inferior Court Rule 9, and our supreme court affirmed. The supreme court held that Rule 9 applies to city council and planning commission resolutions via Ark.Code Ann. § 14–56–425. 355 Ark. at 134, 133 S.W.3d at 385; *see also City of*

*Jonesboro v. Vuncannon,* 310 Ark. 366, 837 S.W.2d 286 (1992) (holding that Ark. Code Ann. § 14–56–425 applies to appeals of actions of the city council, when the act complained of is the city's application of its zoning regulations). Under the de novo review standard applicable to administrative actions, we are still left with appellant's failure to meet "proof with proof" and demonstrate the existence of a genuine issue of material fact. Appellant did not contest the condition of her house. The summary-judgment record establishes that razing the structure was justified. Therefore, we find no error in the trial court's grant of summary judgment in favor of the City.

⬛ ⌊13⌋As to appellant's claim of bias, the record does not contain any evidence of bias. To the contrary, the record reflects that appellant received more than adequate assistance from the City. Appellant's mere allegations of bias made before the trial court were not enough to survive summary judgment. The mere continuation of such allegations on appeal does not support reversal of the trial court's judgment exercised properly on other grounds recited herein.

⬛ Appellant's claim that demolition was not the appropriate course of action also fails. The City has the authority given by statute to raze buildings that are "detrimental to the public welfare." Considering the overwhelming evidence of the extremely poor condition of the house and the length of time it had been in that condition, it was not error for the circuit court to grant the City's motion for summary judgment.

Affirmed.

GLOVER and MARSHALL, JJ., agree.